UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 06-307-JBC

CHARLES W. BAKER,                                                                    PLAINTIFF,

V.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                          DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of his application for Disability Insurance Benefits and Supplemental Security Income (DE 10, 11). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v.*

1

*Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

**II. The ALJ's Determination**

The plaintiff is a forty-three-year-old male with a high-school education and prior work experience as a blaster and an oiler. AR 473-74. He alleges disability beginning on October 22, 1998, as a result of pain in his knees, back, neck,

stomach and kidney, and due to depression.  AR 289, 324.  The plaintiff filed his current claim for Disability Insurance Benefits ("DIB") on Jan 5, 2004,[1] which was denied initially and on reconsideration.  AR 22.  After a video hearing held on January 23, 2006, Administrative Law Judge ("ALJ") Roger L. Reynolds determined that the plaintiff did not suffer from a disability as defined by the Social Security Act.  At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity.  AR 25.  At Step 2, the ALJ found that the plaintiff's combination of impairments was a severe impairment.[2]  The ALJ then determined that the plaintiff's impairment did not meet or equal a listing in the Listing of Impairments at Step 3.  AR 25.  At Step 4, the ALJ found that the plaintiff was unable to perform any past relevant work.  AR 28.  Finally, at Step 5 the ALJ found that with the plaintiff's residual functional capacity ("RFC"), jobs exist in a significant number in the national economy that the plaintiff can perform, and the ALJ therefore denied the plaintiff's claims for DIB at that step.  AR 29, 30.  The Appeals Court denied the plaintiff's request for review, and the plaintiff commenced this action.

---

[1] The plaintiff previously applied for DIB in October 1999 and January 2002.  AR 22.

[2] The plaintiff had the following severe combination of impairments: borderline intellectual functioning, adjustment disorder with depressed mood; chronic bilateral knee pain with multiple knee surgeries; chronic neck and low back pain secondary to degenerative disc disease of cervical and lumbar spine; and non-insulin dependent diabetes mellitus with mild neuropathy.  AR 25.

**III. Legal Analysis**

The plaintiff claims the Commissioner's decision was not supported by substantial evidence for three reasons: (1) The ALJ failed to give appropriate weight to the opinion of the plaintiff's treating physician; (2) the ALJ erred in his determination of the plaintiff's credibility; and (3) the ALJ failed to give proper weight to the plaintiff's mental impairments. The court will consider these arguments in turn.

**A.  Treating Physician**

The plaintiff objects to the weight given to his treating physician's opinion, Gary Bray, M.D., specifically because under Dr. Bray's medical assessment there would be no available jobs which the plaintiff could perform. AR 595-596. The opinions of a treating physician are entitled to significant deference. *See, e.g., Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004). If a medical opinion of a treating physician is not contradicted, it is entitled to complete deference. *Cohen v. Sec'y of Dept. of Health and Human Servs,* 964 F.2d 524, 528 (6th Cir. 1992). If the opinion of a treating source is not accorded controlling weight, the ALJ must consider factors such as the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and specialization of the source in determining the weight to give the opinion. *Wilson*, 378 F.3d at 544. An ALJ may, however, reject the

4

opinion of a treating physician when that opinion is not sufficiently supported by medical findings. *Walters v. Comm'r*, 127 F.3d 525, 530 (6th Cir. 1997); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993); *Cutlip v. Sec'y of Health and Human Servs,* 25 F.3d 284, 287 (6th Cir. 1994)(When substantial medical evidence exists to the contrary, the ALJ is not bound by the treating physician's opinion.).

Dr. Bray's own treatment records for the plaintiff do not support his opinion that the plaintiff is disabled for all work activity. While on July 16, 2004, Dr. Bray opined in his medical assessment that the plaintiff was severely limited (AR 423-425), Dr. Bray noted in his treatment records on July 27, 2005, that the plaintiff was very active and an avid deer hunter. AR 27, 561. Dr. Bray's treatment records from November 5, 2004, also indicated the plaintiff's right knee was doing fairly well. AR 562. The ALJ determined that Dr. Bray's opinion did not accurately reflect the plaintiff's limitations. AR 27. The ALJ reasoned that lifting and carrying a deer hunting rifle alone is contrary to the limitations placed on the plaintiff by Dr. Bray, notwithstanding the standing, walking, and sitting involved. AR 27. The ALJ also took into account the plaintiff's daily activities, such as mowing the yard, in discounting Dr. Bray's opinion. *See Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004)(ALJ properly rejected treating physician opinion based on doctor's conflicting treatment notes and the plaintiff's own testimony regarding daily activities.).

Rather than relying on Dr. Bray's findings, the ALJ placed significant weight on the opinion of Rita Ratliff, M.D., a consultative examiner, who found on March 23, 2004, that the plaintiff had only moderate functional limitations. AR 379-382. *See Cutlip,* 25 F.3d at 287 (The court found substantial evidence supported the ALJ's decision to reject the treating physician's opinion, including findings by a consultive examination). Based on her examination, Dr. Ratliff concluded that the plaintiff was moderately limited in stooping, bending, crawling, standing, and moving about. AR 382. She found there was no specific restriction for reaching and carrying, but it would be as tolerated by the plaintiff's knee pain. Id. Dr. Ratliff determined there was no restriction for reaching, sitting, handling objects, or traveling. Id.

Further, the ALJ considered the opinions of the state agency physicians, which were generally consistent with the totality of the evidence and supported Dr. Ratliff's assessment that the plaintiff was capable of light work. AR 389-396, 449-456. State agency medical consultants are qualified physicians who are experts in Social Security disability evaluation. 20 C.F.R § 404.1527(f)(2)(i). The opinions of those physicians were also consistent with Dr. Bray's observation that the plaintiff was quite active.

Though a treating physician's opinions are ordinarily given significant deference, the court finds that the ALJ did not err in rejecting Dr. Bray's medical assessment on the ground that it was inconsistent with his own medical records

6

and the remainder of the medical evidence in the record.

### B.  The ALJ's Credibility Assessment and the Plaintiff's Alleged Pain Disorder

The plaintiff argues the ALJ erred in his determination of the plaintiff's credibility.  The Commissioner is required to consider all of a claimant's symptoms, including pain, in determining whether he is disabled.  20 C.F.R § 404.1529(a).  Before these symptoms will lead to a finding of disability, however, medical signs must exist which show the claimant has an impairment which could reasonably be expected to produce the symptoms alleged.  20 C.F.R. § 404.1529(b).  When such medical signs are present, the Commissioner must then evaluate how the intensity and persistence of the symptoms affect the claimant's ability to work.  20 C.F.R. § 404.1529(c); *see also Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994) (citing *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)).  In performing this inquiry, the ALJ must consider the objective medical evidence, evidence of the claimant's daily activities, the frequency and intensity of the claimant's pain, any precipitating or aggravating factors, any medications taken to alleviate the pain, and any other measures taken to remedy the claimant's pain. *See Felisky*, 35 F.3d at 1039-40; 20 C.F.R. § 404.1529(c)(3).  Although an ALJ's credibility findings are to be accorded significant deference, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

The ALJ found the plaintiff's statements concerning the intensity, duration

and limiting effects of his symptoms were not entirely credible. AR 27. The plaintiff argues the ALJ gave too much weight to his observation at the hearing that the plaintiff was sunburned. AR 591. The ALJ's decision does not refer to this observation. Instead, the record indicates the ALJ's decision relied on the plaintiff's activities, including the facts that the plaintiff feeds his daughter's horse, is an active member of Shriner's, and mows his yard. AR 26-28. The ALJ also considered Dr. Bray's records, which mentioned the plaintiff is an avid hunter and very active, and the consultative examiners' assessments. AR 26-28. The decision demonstrates that the ALJ did not afford his observation at the hearing undue weight in deciding whether the plaintiff was entitled to benefits. *See Gafney v. Bowen,* 825 F.2d 98, 101 (ALJ did not apply a "sit and squirm" test where the credibility determination was based on an examination of the entire record.). In this matter, the ALJ's assessment of the plaintiff's credibility and pain was based on substantial evidence including the ALJ's assessment of the plaintiff's testimony, his daily activities, and the medical record; therefore, the court will not disturb it.

**C. Mental Impairments**

The plaintiff argues the ALJ failed to consider his non-exertional impairment profile. The plaintiff was assessed by William Rigby, Ph.D., a consulting psychologist, to have a good ability to sustain attention with repetitive tasks, but a poor ability to relate to others, such as fellow workers and supervisors. AR 387. The plaintiff also has a fair ability to adapt or respond to the stress and pressures

normally found in a day-to-day work setting. Although the plaintiff claims these limitations were not accurately set forth in any hypothetical given to the Vocational Expert, the record indicates the ALJ did pose such limitations in his hypothetical.[3] The hypothetical was based on the RFC finding that the plaintiff required entry-level work with repetitive procedures, no frequent changes in work routines and no requirements for problem solving, goal setting, or independent planning. AR 25, 593. The ALJ rejected Dr. Rigby's conclusion that the plaintiff had a poor ability to relate to others based on the plaintiff's statements that he goes to social functions and visits with neighbors. AR 28. The court finds that the ALJ properly evaluated the plaintiff's non-exertional limitations in making his RFC finding.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 10) is **DENIED**.

---

[3] The plaintiff also seems to argue that the ALJ failed to take these impairments into account when looking at the combination of impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. However, it appears that at Step 2 the ALJ considered mental impairments as a moderate restriction in areas of functioning deemed essential to work and found the plaintiff had borderline intellectual functioning. AR 25. The ALJ's decision states that he considered a combination of impairments. Thus, it appears the ALJ did not exclude specific portions and rather considered the record as a whole in determining which impairments were severe.

Signed on September 26, 2007

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY